Joseph A. Cox, S.
In this proceeding for the settlement of the account of the trustee, construction of Article Fourth of the will is sought. The testator left his residuary estate in trust for his wife for life and disposed of its remainder as follows: ‘‘ Fourth : If my said wife, Maude Mabley Knight, shall have predeceased me, or if she survives me, then at her death I direct my executor or trustee, as the case may be, to divide all the rest, residue and remainder of my property, both real and personal, then in his hands, into Thirty-six (36) units of equal value, and I give, devise and bequeath to the following named persons such units of principal as hereinafter set forth ”.
Two of the shares carved out of the residuary estate were left to Mrs. Mattie C. Bassett conditioned upon her surviving the life tenant. Upon'her failure to do so the legacy left to her was directed by the testator to be paid to Marcus G. Bassett, her son.
Because of the failure of Mrs. Bassett to survive the life tenant, the parties are in agreement that the alternative bequest to her son took effect and that the legacy can be discharged by its payment to the representative of the latter’s estate, he having since died.
Two additional units of the remainder of the residuary trust were left to Marcus G. Bassett in his own name. This legacy was qualified by the following text: “ Two (2) units to Marcus G. Bassett, No. 22260, Box B, Dannemora, N. Y. If he shall be dead, then I direct that the principal comprising said Two (2) units pass and revert into my residuary estate now being disposed of by me under this Fourth Paragraph of my Will.”
Marcus G. Bassett also failed to survive the life tenant and the legacy to him has therefore lapsed as the parties agree.
The department of welfare which had rendered public assistance to Marcus G. Bassett contends that the legacy which he received because of the prior death of his mother should be turned over to the department rather than be paid to a representative of the estate of the deceased legatee. This position is wholly untenable for the reason that the court has *1038 no way of knowing on this record whether Marcus G. Bassett died leaving other creditors whose claims may be equal or preferred to that of the respondent department of welfare. Accordingly, the court holds that the legacy which passed to Marcus G. Bassett by reason of the death of his mother shall be paid to the representative of his estate if one is appointed within 60 days from the entry of the decree and if not it shall be deposited with the treasurer of the City of New York. The court holds further that the legacy payable to Marcus G. Bassett in his own name lapsed by reason of his failure to survive the life tenant and will be added in accordance with the directions of the testator in equal parts to the other units comprising the remainder of the residuary trust.
Submit decree on notice settling the account as filed and construing the will in accordance with the foregoing.